UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 7:24-0890-DCC |
| | ) | |
| v. | ) | |
| | ) | |
| DEVON COLLINS | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION**
**TO DEFENDANT'S MOTION TO DISMISS INDICTMENT**

The United States of America submits this response in opposition to Defendant Devon Collins's partial motion to dismiss the indictment. In support of his motion, Collins argues the indictment fails to provide adequate notice of the allegations Collins must defend himself against and includes insufficient facts as a matter of law. The indictment is sufficiently pled under existing case law; therefore, the defendant's motion should be denied. Even if Collins had established a need for a more specific explanation of the charges against him (which he has not), the appropriate remedy would be a bill of particulars, not dismissal of the indictment.

THE CHARGES

On May 13, 2025, a Grand Jury returned a Fourth Superseding Indictment charging the defendant with the following:

- (Count 1) Conspiracy to Possess with Intent to Distribute 40 Grams or More of Fentanyl and 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) and (b)(1)(B);

- (Count 7) Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(8); and,

1

- (Count 8) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). ECF 584.

Collins seeks dismissal of Counts 7 and 8.

## ARGUMENT

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'" *Id.* (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)).

The indictment in this case alleges all the elements the Government is required to prove for each challenged charge. To establish a violation of 18 U.S.C. § 922(g), the Government must prove: (1) the defendant had been convicted in some court of a crime punishable by imprisonment for a term exceeding one year; (2) the defendant voluntarily and intentionally possessed a firearm; (3) the firearm or ammunition had traveled in interstate or foreign commerce at some point during its existence; and (4) the defendant knew of his status as a person who falls into one of the listed categories under the statute, that is he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year at the time of possession of the firearm. *See United States v. Scott*, 424 F.3d 431, 435 (4th Cir. 2005); *Rehaif v. United States*, 588 U.S. 225, 230 (2019). Count Seven contains each of these elements, alleging that Collins had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, that he knew he

had been convicted of such a crime, that he knowingly possessed a Ruger Security-9 9mm semi-automatic handgun, and that the gun was possessed in and affecting interstate commerce.

Similarly, the indictment adequately alleges both of the elements necessary to establish a violation of 18 U.S.C. § 924(c): (1) that the defendant possessed a firearm; and (2) that the defendant did so in furtherance of a drug trafficking crime which may be prosecuted in federal court. *See United States v. Lipford*, 203 F.3d 259, 265-66 (4th Cir. 2000). Count 8 alleges these elements almost verbatim.

Collins relies on two cases decided more than a hundred years ago to argue that the language used in this indictment (as well as in countless other indictments in this district and beyond) is insufficiently detailed. *See,* Mot. at 2-3, *citing United States v. Hess*, 124 U.S. 483, 487 (1888); *United States v. Cruikshank*, 92 U.S. 542, 558 (1875). The fact that Collins has not cited a single case from the last century where any court has interpreted the language from *Hess* and *Cruikshank* to require dismissal of similar counts is telling. Since no recent criminal cases support the defendant's desired outcome, Collins suggest that the Court should apply standards applicable to complaints in the civil context. *See*, Mot. at 3 n.2, *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2009); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); Fed. R. Civ. Pro. 12(b)(6). Clearly, these standards do not apply in criminal cases, and Collins cites no decision indicating otherwise.

Turning to the specific information Collins claims the Government should have alleged with greater specificity, his arguments are similarly baseless. First, he argues that the prohibiting conviction(s) must be specifically identified in the indictment so that the Court can determine whether 18 U.S.C. § 922(g)(1) is unconstitutional as applied to the defendant under the "evolving standards of the Second Amendment." Mot. at 4, *citing Range v. Att'y Gen.*, 69 F.4th 96 (3d. Cir. 2023) (**vacated**). The Fourth Circuit has precluded this argument, holding that "'there is no need

3

for felony-by-felony litigation regarding the constitutionality of" Section 922(g)(1)." *United States v. Hunt*, 123 F.4th 697, 700 (4th Cir. 2024), *cert. denied,* No. 24-6818, 2025 WL 1549804 (U.S. June 2, 2025) (*quoting United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024). The Fourth Circuit has, of course, also rejected facial challenges to 18 U.S.C. § 922(g)(1). *United States v. Canada*, No. 22-4519, 2024 WL 5002188 (4th Cir. Dec. 6, 2024).

Collins argues that the 924(c) charge is insufficient because it fails to specify the firearm that was possessed or the drug trafficking crime that was furthered. Once again, however, Collins cites no authority for the claim that these details must be alleged in the indictment. As the Fourth Circuit has held, "the Government is not required to identify a specific § 924(c) predicate offense in the indictment or to separately charge the defendant with the predicate offense." *United States v. Alston*, 855 F. App'x 895 (4th Cir. 2021) (citing *United States v. Randall*, 171 F.3d 195, 205 (4th Cir. 1999) (overruled on other grounds)). In this instance, the Government has charged the defendant with a drug trafficking crime, Conspiracy to Possess with the Intent to Distribute Methamphetamine and Fentanyl, the underlying predicate, as well. Finally, each charge alleges that the crime took place in the District of South Carolina, and Collins cites no authority indicating more is required. ECF 584.

## CONCLUSION

For the above reasons, the Government respectfully requests that this Court deny the defendant's motion to dismiss the indictment. Additionally, the Government notes that defendant's motion may be ruled upon without an evidentiary hearing because the Government should prevail as a matter of law. The Government contends that any argument regarding any specific need of the defendant for additional evidence beyond the elements should be addressed in a motion for a

bill of particulars in advance of any hearing so the Government can adequately prepare for any such arguments.

Respectfully submitted,

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By:  s/Jamie Lea Schoen
     Jamie Lea Schoen
     Assistant U.S. Attorney
     Bar No. 11386
     55 Beattie Place, Suite 700
     Greenville, SC 29601

July 29, 2025