UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff*, <br><br> vs. <br><br> DEVON COLLINS, <br> *Defendant*. | ) <br> ) <br> ) <br> ) <br> ) No. 7:24-cr-00890-DCC-03 <br> ) <br> ) <br> ) |

### SUPPLEMENT TO MOTION TO DISMISS [DKT. 720]

COMES NOW Defendant and would respectfully show the Court as follows:

1. In his Motion to Dismiss, [dkt. 720], Mr. Collins made several arguments:

   a. Count 7 failed to comply with the Constitution and the Federal Rules of Criminal Procedure because it failed to allege the underlying felony that triggered 18 U.S.C. § 922(g)(1). It also failed to provide particulars as to the place where Mr. Collins supposedly possessed the firearm.

   b. Count 8 failed to comply with the Constitution and the Federal Rules of Criminal Procedure because it failed to allege the drug-trafficking offense, provide particulars as to where he supposedly possessed the firearm, and particulars as to the firearm that he supposedly possessed.

2. In response to the Motion to Dismiss, the Government obtained a Fifth Superseding Indictment. [Dkt. 771].

1

  a. The language in Count 7 is the same as the defective language from the Fourth Superseding Indictment; therefore, the arguments apply equally to the most recent indictment.

  b. Count 8 contained now alleges that an unspecified firearm was possessed in furtherance of the drug-trafficking conspiracy alleged in Count 1.

   i. Undersigned counsel acknowledges that conspiracy is often charged as the predicate. Yet, absent a situation, for example, in which a person carries a gun to give to another person to induce him to join a conspiracy, it is difficult to understand how possessing a firearm can be "in furtherance of" a conspiracy. After all, that element was meant to require something more than possession "during or in relation to" a drug crime. H.R. Rep. No. 105-344, 105th Cong., 1st Sess. (1997) ("The Committee recognizes that the distinction of 'in furtherance of' and 'during and in relation to' is a subtle one, and may initially prove troublesome for prosecutors. Nevertheless, the Committee believes that 'in furtherance of' is a slightly higher standard, and encompasses the 'during and in relation to' language.").

   ii. In the face of the barebones pleading here, Count 8 should be held to fail to state an offense.

 c. Count 8 in the Fifth Superseding Indictment still fails to provide particulars as to where Mr. Collins supposedly possessed the firearm, and particulars as to the firearm that he supposedly possessed. It should fail to state an offense for those reasons, too.

Dated: September 16, 2025

Respectfully submitted,

DEVON COLLINS

s/Howard W. Anderson III
Howard W. Anderson III
D. SC #11456

TRULUCK THOMASON LLC
3 Boyce Ave.
Greenville, SC 29601
howard@truluckthomason.com

## CERTIFICATE OF SERVICE

 I, Howard W. Anderson III, certify that I filed a copy of the foregoing paper using the Court's CM/ECF system, which will deliver a copy to all counsel of record except for the following, whom I have this day served by U.S. Mail:

 n/a

s/Howard W. Anderson III
Howard W. Anderson III

3